UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARTIN TANN FRANCO, JR.                       CIVIL ACTION

VERSUS                                        NO: 12-292

JANE DOE 1 - DEPUTY CLERK OF                  SECTION: R(5)
U.S. COURT OF APPEALS FOR THE
FIFTH CIRCUIT, ET AL.

### ORDER AND REASONS

Before the Court is plaintiff Martin Franco's appeal of the magistrate judge's February 3, 2012 Order and Reasons denying his application to proceed *in forma pauperis* on his 42 U.S.C. § 1983 action. For the following reasons, the Court AFFIRMS the magistrate judge's order.

I.   BACKGROUND

Plaintiff Martin Franco is currently incarcerated in the Texas Department of Criminal Justice in Brazoria County. On January 30, 2012, he filed an application under 28 U.S.C. § 1915

to proceed *in forma pauperis* on a claim under 42 U.S.C. § 1983 against various unnamed clerks and judges at the United States Court of Appeals for the Fifth Circuit. In his IFP application and complaint, Franco generally alleges a violation of his due process rights.

Determination of Franco's pauper status was referred automatically to the magistrate judge under Local Rule 72.1E(B)(1) and 28 U.S.C. § 636(b). The magistrate judge denied plaintiff's application to proceed as a pauper pursuant to 28 U.S.C. § 1915(g) in an Order and Reasons dated February 3, 2012. Section 1915(g) precludes a prisoner from proceeding *in forma pauperis* if he has, "on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The magistrate judge found that plaintiff has filed at least twelve cases in Texas federal courts.[1] The magistrate judge further concluded that plaintiff failed to show that he was in imminent danger of serious physical injury.

---

[1] *See* R. Doc. 2 at 2.

Franco then filed a Notice of Appeal.[2] He does not contest the magistrate judge's finding that he is not in imminent danger. Instead, Franco asserts that because he was granted IFP status in an earlier proceeding, he does not need to prove IFP status again.[3]

## II. LEGAL STANDARD

There is some disagreement among courts over whether a magistrate judge's ruling on an IFP application should be treated as a ruling on a non-dispositive pre-trial matter under 28 U.S.C. § 636(b)(1)(A) and reviewed for clear error, or treated as a report and recommendation prepared under 28 U.S.C. § 636(b)(1)(B) and thus reviewed *de novo*. *See Wilson v. Becker*, No. 07-7157, 2008 WL 81286 (E.D. La. Jan. 7, 2008)(collecting cases). The Fifth Circuit touched on this issue in *Donaldson v. Ducote*, 373 F.3d 622 (5th Cir. 2004), and observed that a party "dissatisfied with a magistrate judge's findings and recommendations [regarding an IFP application] may [] obtain relief by objecting to the magistrate judge's findings and recommendations, thereby compelling the district court to review his objections *de novo*."

---

[2] R. Doc. 3.

[3] R. Doc. 3 at 7.

*Donaldson*, 373 F.3d at 624.  See also *Wilson*, 2008 WL 81286, at *2 (discussing *Donaldson*).  It is unnecessary to resolve the conflict in this case, however, because under either standard of review - clear error or *de novo* - the Court finds that plaintiff's application is devoid of merit.

### III. DISCUSSION

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action as a pauper if he has, on three or more prior occasions while in prison, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim.  This so-called "three strikes" rule, however, does not apply if the prisoner "is under imminent danger of serious physical injury." *Id.*  Here, there is no dispute that Franco is not in any physical danger.  Moreover, there is no dispute that Franco has filed at least three civil complaints that were dismissed as frivolous.  Franco cites no legal basis - and the Court could fine none - to support his claim that his application to proceed *in forma pauperis* should be granted because it had been granted in the past.  Accordingly, the magistrate judge correctly determined that the three-strikes rule bars Franco's application to proceed *in forma pauperis*.

**IV.   CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the magistrate judge's denial of plaintiff's application to proceed *in forma pauperis* in this action.

New Orleans, Louisiana, this 19th day of March, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE